# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFREDO REYES RODRIGUEZ,<br><br>                  Petitioner,<br><br>   v.<br><br>GIROUX, *et al.*,<br><br>                  Respondents. | CIVIL ACTION NO. 15-6182 |

## ORDER

**AND NOW**, this 11th day of February 2019, upon careful and independent consideration of the *pro se* Petition for Writ of Habeas Corpus [Doc. 1], all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Lynne A. Sitarski [Doc. 8], and Petitioner's Objections to the R&R [Doc. 13], it is hereby **ORDERED** that:

1. The R&R [Doc. 8] is **APPROVED** and **ADOPTED**[1];

2. The Objections [Doc. 13] are **OVERRULED**[2];

---

[1] Where, as here, the petition has been referred to a magistrate judge for an R&R, a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The R&R appropriately determined that most of Petitioner's claims are procedurally defaulted, since Petitioner did not first exhaust the remedies available in state court before raising the claims in federal court. 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that a petitioner demonstrates exhaustion of state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Even when a petitioner asserts a claim in state court, federal habeas courts need not review a question of federal law decided by a state court "'if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Lambrix v. Singletary*, 520 U.S. 518, 522–23 (1997) (citation omitted). As Petitioner failed to exhaust most of his claims in state court, and some of his claims regarded independent and adequate state rules, those claims are procedurally defaulted. *See, e.g., Leake v. Dillman*, 594 F. App'x 756, 758 (3d Cir. 2014) (citations omitted) (holding that pursuant to independent and adequate state law grounds, the state Superior Court adequately "deemed waived all of Petitioner's claims of ineffective assistance of counsel due to his 'failure to meaningfully develop these claims . . . and to support them with appropriate legal authority'").

Procedurally defaulted claims may still be reviewed on the merits in federal habeas petitions, but only if petitioner can demonstrate: (1) "cause for the default and actual prejudice" as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The R&R correctly concluded that Petitioner failed to sufficiently provide arguments to establish either cause and prejudice, or a miscarriage of justice.

[2] Petitioner objects to the two claims that the R&R determined were properly exhausted but failed on the merits. The R&R correctly determined that Claim Two, which argued that trial counsel was ineffective for failing to elicit certain character traits from Petitioner's three character witnesses and failed to call additional character witnesses,

3. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** and without an evidentiary hearing;

4. There is no probable cause to issue a certificate of appealability[3]; and

5. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**

---

was meritless. The PCRA court reasonably determined that counsel discussed the issues with Petitioner and introduced character evidence at trial, and that any additional character testimony would have merely been cumulative. R&R at 18. The R&R also correctly found that Claim Five, which argued that trial counsel was ineffective for failing to ensure that the Commonwealth's witnesses were sequestered during his criminal trial, was meritless because the PCRA court noted that "no witnesses were observed to have been in the courtroom at any time prior to their testimony." R&R at 22.

When claims presented in a federal habeas petition have been exhausted and decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state court resulted in a decision: (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Although Petitioner contends in his objections to the R&R that witnesses would have addressed other traits than those included at trial as to being a "good man" and a "good father," Petitioner himself concedes the other traits he lists would have been "certainly related to being a good man and father." Pet'r's Objs. at 4. Additionally, while Petitioner argues in his objections to the R&R that his trial counsel's failure to object to the sequestering of witnesses indicates a lack of proof on the record as to whether witnesses were present in the courtroom before their testimony, the PCRA court's factual findings must be entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Thomas v. Horn*, 570 F.3d 105, 116 (3d Cir. 2009).

To the extent that Petitioner raises new claims in his objections as to PCRA counsel's ineffectiveness to excuse his procedurally defaulted claims of trial counsel ineffectiveness, the Court is not required to consider arguments first raised in objections to the R&R. *See Prout v. Giroux*, No. 14-3816, 2016 WL 1720414, at *27 n.21 (E.D. Pa. Apr. 29, 2016) ("[T]he Court cannot consider Petitioner's claim that default should be waived because PCRA Counsel was ineffective for failing to preserve this issue on appeal to the Superior Court because Petitioner raises this claim for the first time in his objections."). However, even assuming *arguendo* that the Court could consider these newly raised claims, Petitioner has failed to show that he suffered prejudice from PCRA counsel's failure to preserve the claims for appeal. *See Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 376 (3d Cir. 2018) (quoting *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014)) (holding that a federal district court may only review this procedurally defaulted claim of layered ineffectiveness if a petitioner demonstrates: "(a) the default was caused by ineffective assistance of post-conviction counsel or the absence of counsel (b) in the initial-review collateral proceeding (i.e., the first collateral proceeding in which the claim could be heard) and (c) the underlying claim of trial counsel ineffectiveness is 'substantial[.]'").

[3] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).